(No. 75-CC-0663–)

G. H. STERNBERG & COMPANY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 31, 1981.*

*Order on denial of motion for reconsideration filed November 23, 1981.*

DAILY & WALKER, for Claimant.

TYRONE FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

A hearing on the above entitled matter was held on May 1, 1980, and concluded on May 8, 1980, at 630 South College in Springfield, Illinois, before Richard H. Parsons, commissioner.

The Claimant entered into a contract with the Respondent on March 3, 1971, and furnished a performance bond as required, and thereafter proceeded to attempt to perform the contract.

The job involved placement of concrete pipes under the highway at a point north of Granite City in Madison County and at a point near Belleville on Route 460 in St. Clair County.

The contract provided that the pipe should be concrete, 30 inches in diameter and should be installed by "jacking" by hand only; no augers were permitted.

The Claimant completed the placement of the pipes in Madison County as agreed but when he moved his equipment to St. Clair County, he encountered numerous problems and it became apparent that the job would have to be aborted.

The Claimant then tried to reconcile this matter with the Respondent and explained at that time how the job could be handled but it would be more costly and therefore requested additional funds. The Respondent refused to vary the contract or approve additional funds and threatened Claimant with proceedings against his performance bond.

The Claimant looked for alternative ways to complete the job and consulted with one Robert Affholder in regard to same and at that time learned that the Respondent had contacted Affholder previously in regard to how to do this same job, and had been told by Affholder that it was not feasible to install the pipe by a "jacking" operation; that it could be done by installing a liner and pulling the concrete pipe through the liner. None of this information was passed on to the Claimant prior to the execution of the contract.

After a long period of time, the Respondent authorized Claimant to proceed to do the job with a steel casing and concrete pipe as originally suggested by both the Claimant and Affholder.

The job was completed by boring with the use of an auger, and with the encounter of additional concrete, debris, etc., it became obvious that any additional attempts at "jacking" would have been unfeasible.

At the time of the hearing of May 1, 1980, there came a point in the testimony that the Respondent was not ready to proceed and therefore was given additional time (one week) and which time could have given the Respondent an unfair advantage. However, even with the additional time given to Respondent, Respondent did not provide enough evidence to rebut Claimant's case.

It appears from the record and the discovery of witnesses, and from the preponderance of the evidence that Claimant has proved its case and therefore Claimant is hereby awarded the sum of $44,029.43, which consists of $6,412.50 for steel casing, $22,657.70 for the installation of the casing, $724.02 for extra grouting, $10,630.21 which was the amount expended by the contractor on the

aborted portion of the job, and $3,605.00 for improperly withheld damages.

## ORDER ON DENIAL OF MOTION
## FOR RECONSIDERATION

This matter comes before the Court upon motion of Respondent for reconsideration of the Court's order allowing claim filed July 31, 1981.

Oral argument having been heard in this matter, the Court is of the opinion that the original order allowing claim is correct.

It is hereby ordered that Respondent's motion for reconsideration be, and the same is, denied, and the Court's order of July 31, 1981, will stand as the order of this Court.